UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LORD MAISON PHIBONACCII,

Plaintiff,

V.

DIRECTOR OF THE CALIFORNIA DEPARTMENT OF MOTOR VEHICLES OF MOTOR VEHICLES, in his/her official capacity; and DOE DMV EMPLOYEES 1–10, in their individual capacities,

Defendant.

Case No. 2:25-CV-09270-SB-E

**MEMORANDUM OF POINTS AND AUTHORITIES**

*CHARACTER WITH SPACES: 5,146*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I
## INTRODUCTION

The Clerk entered default against the DMV Director (official capacity) on December 22, 2025, under Rule 55(a). Plaintiff now moves under Rule 55(b)(2) for default judgment granting prospective declaratory and injunctive relief under Ex parte Young to halt ongoing due process violations affecting Plaintiff's vehicle title/registration property interests. The requested relief tracks Plaintiff's pleading Prayer for Relief and the injunctive terms in Count 3.

## II
## LEGAL STANDARD

A defaulted defendant admits the well-pleaded factual allegations of the complaint (except damages). On a Rule 55(b)(2) motion, courts consider the Eitel factors to determine whether default judgment is appropriate. In addition, Judge Blumenfeld requires that a default-judgment motion includes a showing of both subject-matter jurisdiction and personal jurisdiction.

# III

# JURISDICTION

## A. Subject: Matter of Jurisdiction

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the Complaint seeks relief for violations of the Fourteenth Amendment and 42 U.S.C. § 1983. Plaintiff also seeks declaratory relief under 28 U.S.C. § 2201 and further necessary relief under 28 U.S.C. § 2202.

## B. Personal Jurisdiction

The Clerk entered default after service and proof of service were filed. See Dkt. 11 (Summons/Proof of Service) and Dkt. 14 (Clerk's Entry of Default). Defendant is sued in official capacity and is subject to this Court's jurisdiction for prospective injunctive relief.

## C. Sovereign Immunity Does Not Bar Prospective Relief

Plaintiff seeks prospective relief against a state official in official capacity to halt ongoing constitutional violations—relief permitted under Ex parte Young.

# IV

# THE EITEL FACTORS SUPPORT DEFAULT JUDGMENT

## 1. Plaintiff Will Be Prejudiced Without Default Judgment

Without injunctive and declaratory relief, Plaintiff remains exposed to ongoing and future adverse DMV actions without constitutionally adequate notice and opportunity to be heard, and without production/preservation of the administrative record necessary to correct the VIN history and prevent repetition.

## 2–3. The Merits and Sufficiency of the Claims Favor Judgment

Plaintiff alleges a protected property interest in vehicle title/registration and that DMV altered/handled title/registration amid known ownership conflict without adequate notice and opportunity to be heard, violating procedural due process. Plaintiff further alleges that the right was clearly established for decades (Bell; Mathews; Jones), supporting the pleaded notice element and defeating any qualified-immunity theory as to Doe employees (reserved).

## 4. The Sum of Money at Stake Is Not a Basis to Deny Judgment

As to the DMV Director, Plaintiff seeks declaratory and injunctive relief—not money damages.

### 5. There Is No Apparent Dispute of Material Facts

Defendant failed to plead or otherwise defend. The well-pleaded allegations are taken as true for purposes of this motion.

### 6. Default Was Not Due to Excusable Neglect

The record reflects proper service, passage of the response deadline, and entry of default. Defendant did not appear.

### 7. Policy Favoring Decisions on the Merits Does Not Preclude Default Judgment

Although decisions on the merits are preferred, that policy is outweighed where a defendant refuses to appear or defend after service and default has been entered.

## V

## THE REQUESTED RELIEF IS PROPER AND SHOULD BE ENTERED

### A. Declaratory Judgment

Plaintiff requests a declaration that DMV conduct violated Plaintiff's Fourteenth Amendment procedural due process rights, as pleaded.

### B. Permanent Injunction

Rule 65(d) requires injunctions to state their terms specifically. Plaintiff submits a proposed order with clear, specific requirements that mirror Count 3 ¶ 20(A)–(E) and Prayer ¶ 22(B), including: (i) correction/annotation of the VIN record; (ii) recording LAPD Topanga clearance in the ownership history; (iii) notice and meaningful opportunity to be heard before adverse action; (iv) procedures/training for bonded-title/conflict cases; and (v) preservation/production of the complete administrative record.

## VI

## CONCLUSION

Plaintiff respectfully requests that the Court enter default judgment against the DMV Director (official capacity) granting declaratory and permanent injunctive relief as set forth in the concurrently lodged proposed order and proposed judgment.

Dated: Monday, December 22, 2025

/S/Lord Maison Phibonaccii
Plaintiff, Pro Se

AI(R2)-Assisted Drafting Disclosure I drafted this Request and Declaration with the assistance of an artificial-intelligence language model. I have personally reviewed, edited, and approved the contents, and I am solely responsible for the factual statements, legal arguments, and filings submitted to the Court.